**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CHRISTOPHER LUIS DOMINGUEZ ROSARIO (Next Friend), on behalf of, EDWIN ELICEO JANETA BEJARANO**<br><br>**Petitioner,**<br><br>**v.**<br><br>**WARDEN IN CHARGE OF DETENTION, *et al.*,**<br><br>**Respondents.** | **Civil Action No. 26-9537 (SDW)**<br><br>**OPINION** |

**WIGENTON, District Judge.**

This matter comes before the Court on the submission of a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") by Christopher Luis Dominguez Rosario as a "next friend" for Petitioner, Edwin Eliceo Janeta Bejarano, an immigration detainee confined in Delaney Hall Detention Facility in Newark, New Jersey. (ECF No. 1). Petitioner, nor the "next friend" have paid the requisite filing fee or submitted an application to proceed *in forma pauperis* ("IFP").[1]

In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) ("Habeas Rule(s)"), this Court must screen the Petition to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Habeas Rule 2(c)(5) requires petitions to be signed under penalty of perjury by a person authorized to sign it under 28 U.S.C. § 2242, which, in turn, requires that a petition "shall be in writing signed and verified by the person for whose relief it is intended or someone acting in

[1] The Court notes that for this matter to proceed, even after the discussed deficiencies are cured, Petitioner must pay the required $5 filing fee or submit an application to proceed IFP.

his behalf."

"[N]ext friend" standing . . . has long been an accepted basis for jurisdiction in certain circumstances." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). "Most frequently 'next friends' appear . . . on behalf of detained prisoners who are unable . . . to seek relief themselves." *Id.* There are two requirements for next friend status. "First, a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* at 163 (citation modified). "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Id.* at 163-64 (citation modified). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164 (citation modified).

Rosario, the "next friend," submitted the Petition asserting that Petitioner has been detained since July 25, 2026. (ECF No. 1). Rosario, however, does not provide any explanation why Petitioner cannot appear on his own behalf. (*See generally* ECF No. 1). Moreover, there is no explanation regarding Rosario's relationship with Petitioner. Furthermore, "the Third Circuit has held that a 'non-attorney cannot represent another party, even if acting as a next friend.'" *Kerrigan v. Ortiz*, No. 21-1027, 2021 WL 6424641, at *2 (D.N.J. Dec. 6, 2021) (quoting *Schlemmer v. Cent. Intel. Agency*, 804 F. App'x 127, 128 n.2 (3d Cir. 2020) (per curiam)). Therefore, this Court will dismiss the petition without prejudice to give Rosario the opportunity to cure the deficiencies noted above within fourteen days by: (1) alleging facts supporting why Petitioner is unable to appear on his own behalf and, (2) alleging a significant relationship with Petitioner and obtains counsel, or if Petitioner files a *pro se* amended habeas petition. *See e.g.*, *Bah v. Tsoukaris*, No. 25-16925,

2025 WL 3041812 (D.N.J. Oct. 31, 2025) (administratively terminating habeas petition for Petitioner to cure defects in next friend application).

An appropriate order follows.

Dated: July 31, 2026

Hon. Susan D. Wigenton
United States District Judge